IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DAVID ALDEN JOHNSTON, Defendant. | No. CR10-0102 RULING ON MOTION FOR PRESENTENCE DETENTION |

On the 19th day of November 2010, this matter came on for hearing on the Government's oral motion to have Defendant detained prior to sentencing. The Government was represented by Assistant United States Attorney Rebecca Goodgame Ebinger. Defendant David Alden Johnston appeared personally and was represented by his attorney, Jane Kelly.

On September 7, 2010, Defendant was charged in a criminal complaint with failure to register as a sex offender.[1] Following a hearing, Defendant was released from custody on September 13, 2010, pursuant to an Order Setting Conditions of Release. Among other conditions of release, Defendant is required to reside at the residential facility in Waterloo.

On October 1, 2010, Defendant was charged by an Indictment in the instant action with failure to register as a sex offender. On November 18, 2010, Defendant appeared before the undersigned magistrate judge and tendered a plea of guilty to the charge. The Court filed a Report and Recommendation, recommending that Chief Judge Reade accept the Defendant's guilty plea. At the plea change hearing, the Government asked that Defendant be detained pursuant to 18 U.S.C. § 3143(a). The Court set the oral motion for hearing on November 19 and ordered Defendant detained pending the hearing.

---

[1] *See United States of America v. David Alden Johnston*, No. 1:10-mj-00222-JSS.

For the reasons described by the Court at length at the time of hearing, the Court finds that the Government's oral motion to detain Defendant pending sentencing should be denied. In addition, however, the Court finds that certain additional special conditions of release should be imposed.

Following the hearing, the Government advised the Court that it intended to file an appeal to the district court, and asked that the Court stay its Order releasing Defendant to the residential facility until the appeal can be brought to the attention of the district court. After consulting with counsel, the Court agreed to stay its Order until 3:00 p.m. on November 22, 2010. If the district court has not extended the stay by that time, the Defendant shall be released from custody and returned to the residential facility in Waterloo, as previously ordered.

## ORDER

IT IS THEREFORE ORDERED that the Government's oral motion to detain Defendant pending sentencing is **DENIED**. The Order entered previously setting the conditions of release shall be **MODIFIED**, however, as follows:

1. Defendant must participate in a mental health evaluation.

2. Defendant must have no contact, direct or indirect, with anyone under the age of 18 without the prior written consent of his probation officer. He also must not go to places where persons under the age of 18 are likely to be present, such as parks, beaches, pools, daycare centers, playgrounds, and schools.

3. All other conditions set forth in the Order Setting Conditions of Release shall remain in full force and effect.

IT IS FURTHER ORDERED that this Order shall be **STAYED** until 3:00 p.m. on November 22, 2010. That is, Defendant shall remain in the custody of the United States Marshals Service until that date and time, to enable the Government to file an appeal with the district court. If the district court has not extended the stay by that time, then

Defendant shall be released from custody at 3:00 p.m. on November 22, 2010, and return to the residential facility in Waterloo as previously ordered.

DATED this 19th day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA